645 A.2d 234

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

William D. ANTHONY, Respondent.

No. 966 Disciplinary Docket No. 2.

No. 126 DB 90 Disciplinary Board.

Supreme Court of Pennsylvania.

Argued April 6, 1994.

Decided Aug. 4, 1994.

Craig Evan Simpson, Pittsburgh, for W.A. Anthony.

Helen M. Kistler, Pittsburgh, for Office of Disciplinary Counsel.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

*ORDER*

PER CURIAM:

The Rule to Show Cause entered by this Court on September 28, 1993, is discharged, and it is hereby

ORDERED that William D. Anthony be and he is suspended from the Bar of this Commonwealth for a period of two years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

PAPADAKOS, J., files a dissenting statement in which CASTILLE, J., joins.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

PAPADAKOS, Justice, dissenting.

I must dissent to the Majority's imposition of a two year suspension from the practice of law of William D. Anthony (Respondent) for his deliberate and calculated falsification of a court subpoena, two court orders, a deed, a letter, a check and a release.

We have already settled the question that it is illegal to forge court documents and that such conduct involves moral turpitude, is prejudicial to the administration of justice and adversely affects one's fitness to practice law. *Disciplinary Counsel v. Holston*, 533 Pa. 78, 619 A.2d 1054 (1993). The deceit and dishonesty involved in forging a court document are self-evident and, in my view, indicate Respondent's unfitness to continue practicing law and call for his disbarment.

In *Holston*, we disbarred an attorney for forging a court order and the majority attempts to distinguish that case from the facts before us because Holston also tried to cover-up the forgery when questioned by a court. This is a distinction wholly without substance. The penalty in *Holston* was justified because of the presence of forgery *and* lying and I am of the view that either of these wrongs, standing on their own, injuriously affects the administration of justice and requires the imposition of disbarment. Respondent's repeated acts of forgery show a callous disregard for the truth and honesty towards his clients. Such conduct is reckless and the antithesis of the allegiance and fidelity to truth that we expect from members of the bar and, in my view, calls for Respondent's disbarment.

CASTILLE, J., joins this dissenting statement.