**In re Anonymous No. 115 D.B. 92**

Disciplinary Board Docket no. 115 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

POWELL, *Vice-Chairman,* December 19, 1994— Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 24, 1992, the Supreme Court of Pennsylvania referred [respondent] to the Disciplinary Board pursuant to Rule 214(f), Pa.R.D.E. based on his conviction in the United States District Court for the [ ] District of [ ], [ ] Division, of the offenses of use of unauthorized credit cards in violation of 18 U.S.C. §1024(9)(2).

Office of Disciplinary Counsel filed a petition for discipline on December 30, 1992 with the Disciplinary Board of the Supreme Court of Pennsylvania.

The petition for discipline charges respondent with being convicted of a serious crime, failing to advise the secretary of the Disciplinary Board of this conviction, and engaging in a criminal act including fraud which reflects adversely on respondent's fitness to practice law.

Respondent was personally served with the petition for discipline on April 20, 1993 but failed to respond to it.

Respondent was notified by letter dated October 12, 1993 of the hearing to be held on December 20, 1993 and failed to appear at the scheduled hearing.

On December 20, 1993, petitioner filed a brief in support of the disbarment of respondent as punishment for his disciplinary violations and respondent failed to file an opposition brief.

Hearing Committee [    ] consisting of members [    ], [    ], and [    ], by its report dated March 7, 1994 recommended that the respondent be disbarred.

The matter was adjudicated by the Disciplinary Board on April 7, 1994.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is situated at Union Trust Building, Suite 400, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said Rules of Disciplinary Enforcement.

(2) Respondent was admitted to practice law in the Commonwealth of Pennsylvania on May 14, 1973. Respondent's attorney registration number is [    ]. He has been on inactive status since 1982. In 1982, his address was [    ].

(3) Respondent's current mailing address and residence is [    ].

(4) By November 24, 1992, order of the Supreme Court of Pennsylvania, entered pursuant to Pa.R.D.E. 214, this matter was referred to the Disciplinary Board.

(5) On May 28, 1992 a bill of information was filed against respondent in the United States District Court for the [    ] District of [    ], [    ] Division in the matter captioned *United States of America v. [Respondent],* case no. [    ].

(6) Respondent pled guilty to a violation of 18 U.S.C. §1029(a)(2), entitled fraud and related activity in connection with access devices, which involved his use of unauthorized credit cards.

(7) A violation of 18 U.S.C. §1029(a)(2) is punishable by a fine and up to 10 to 20 years imprisonment based upon prior record, and is a "serious" crime as defined by Pa.R.D.E. 214(i).

(8) On September 3, 1992, respondent was sentenced to three years probation, participation in the home confinement program with electronic monitoring for a period of 180 days, 600 hours of community service and the payment of restitution.

(9) Respondent failed to inform the secretary of the board of his conviction as he was required to do pursuant to Pa.R.D.E. 214(a).

(10) Respondent was served with the petition for discipline in conformity with the Pennsylvania Rules of Disciplinary Enforcement and the Rules of Appellate Procedure.

(11) Respondent filed no response to the petition for discipline.

(12) Respondent received proper notice, pursuant to the Disciplinary Board Rules and the Pennsylvania Rules of Disciplinary Enforcement of the December 20, 1993 hearing.

(13) Respondent did not appear at the hearing and the hearing proceeded without his participation.

### III. CONCLUSIONS OF LAW

(1) Respondent's conviction constitutes a per se ground for discipline under Pa.R.D.E. 203(b)(1).

(2) Respondent's failure to report his criminal conviction to the secretary of the Disciplinary Board constitutes a per se ground for discipline under Pa.R.D.E. 203(b)(3).

(3) Respondent's conviction for the unauthorized use of credit cards involves dishonest and fraudulent conduct and reflects adversely on his fitness to practice law in violation of Rules of Professional Conduct 8.4(b) and (c).

### IV. DISCUSSION

A criminal conviction for a serious crime is a per se ground for attorney discipline. Pa.R.D.E. 203(b)(1). Failure to properly report that conviction is an added ground for discipline. Pa.R.D.E. 203(b)(3). If that criminal conviction involves fraudulent conduct which re-

flects adversely on the lawyer's fitness as a lawyer it is also violative of Rules of Professional Conduct 8.4(b) and (c) which serve as additional grounds for the imposition of discipline. Pa.R.D.E. 203(a).

On September 3, 1992 respondent was convicted for his unauthorized use of credit cards in violation of 18 U.S.C. §1029(a)(2). The Hearing Committee and board may take judicial notice that a violation of 18 U.S.C. §1029(a)(2) is punishable by a fine and up to 10 to 20 years imprisonment based upon prior record. Pa.R.D.E. 214(i) defines "serious crime" as any crime punishable by imprisonment for at least one year. Therefore, although respondent was not imprisoned for one year, the possibility that he could have been so imprisoned, is sufficient to sustain the finding that respondent's conviction was a conviction for a "serious crime." This conviction constitutes a ground for attorney discipline and obligates the attorney further to report the conviction to the board secretary. Pa.R.D.E. 203(b)(1); Pa.R.D.E. 214(a). Respondent failed to so report to the board secretary and his failure constitutes an added ground for discipline. (Exhibit E; Pa.R.D.E. 203(b)(3).)

Moreover, respondent's conduct also violated the Rules of Professional Conduct. Rule of Professional Conduct 8.4(b) prohibits an attorney from committing a criminal act which reflects adversely on his honesty or fitness as a lawyer. Rule of Professional Conduct 8.4(c) prohibits the attorney from engaging in conduct involving fraud, dishonesty, deceit or misrepresentation. Respondent's conviction for using unauthorized credit cards in violation of 18 U.S.C. §1029(a)(2) entitled fraud and related activity in connection with access

devices is conclusive evidence of the underlying conduct. Pa.R.D.E. 214(e). Since the conduct is fraudulent, it reflects adversely on his honesty and fitness as a lawyer and is in violation of Rules of Professional Conduct 8.4(b) and (c). The fact that respondent's criminal conduct occurred in his personal business and not in respect to his representation of a client is of no consequence. The Supreme Court has stated that "[w]e cannot distinguish between dishonesty involving client matters and dishonesty in private matters: the seriousness of respondent's misconduct is not lessened by the fact that the victims of his fraud were not his clients." *Office of Disciplinary Counsel v. Ewing,* 496 Pa. 35, 45, 436 A.2d 139, 144 (1981). See also, *Montgomery County Bar Association v. Hecht,* 456 Pa. 13, 317 A.2d 597 (1974).

In order to determine the appropriate discipline we must look at *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). In *Keller* the Supreme Court reiterated its previous teachings on the purpose of attorney discipline:

"The primary purpose of our system of lawyer discipline is to protect the public from unfit attorneys and to maintain the integrity of the legal system." (citations omitted) *Id.* at 579, 506 A.2d at 875.

The court has also stated that there are no per se rules as to the appropriate discipline to be imposed in a particular case. The specific facts of each case must be considered to determine whether the severity of the sanction is aggravated or mitigated by other factors. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 280, 472 A.2d 186, 190 (1983). In the present

case, respondent's conduct involves dishonesty and fraud, and he has displayed no regard at all for his license to practice law in Pennsylvania.

Dishonesty has always been considered an affront to the very cornerstone of the judicial system requiring the imposition of the most severe discipline. As the court has stated most recently in *Office of Disciplinary Counsel v. Holston,* 533 Pa. 78, 619 A.2d 1054 (1993), "Whenever an attorney is dishonest, that purpose [to protect the public, the profession, and the courts] is served by disbarment." *Id.* at 83, 619 A.2d at 1056. See also, *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 201, 425 A.2d 730, 733 (1981).

Respondent's conduct is further aggravated by his total disregard for his Pennsylvania law license. Although he was admitted to practice law in Pennsylvania in 1973, he has been on inactive status since 1982. He failed to notify the board secretary of his conviction as he was required to do. Pa.R.D.E. 203(b)(3). He failed to answer the petition for discipline. He failed to attend his own disciplinary hearing. He even failed to file an opposition brief to Disciplinary Counsel's disbarment brief. The Disciplinary Board has repeatedly concluded that "disdain for the Pennsylvania disciplinary system leads us to the conclusion that stringent discipline is warranted." *In re Anonymous, No. 127 D.B. 89,* 12 D.&C.4th 106, 120 (1991).

And, in this case of dishonesty coupled with disdain, disbarment is mandated.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ] be disbarred from the practice of law.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board member Saltz dissented and member Schiller did not participate in the adjudication.

## ORDER

And now, February 15, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated December 19, 1994, it is hereby ordered that [respondent] be and he is disbarred from the bar of this Commonwealth and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Montemuro is sitting by designation.