**In re Anonymous No. 74 D.B. 93**

Disciplinary Board Docket no. 74 D.B. 93.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

RAVEN RUDNITSKY, *Member,* October 18, 1995—Pursuant to Rule 208(d)(2)(iii), Pa.R.D.E., the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Pennsylvania Supreme Court issued an order on September 1, 1993, suspending respondent from the practice of law pursuant to Rule 214(d), Pa.R.D.E. This order was issued on the basis of respondent's July 27, 1993 conviction in the Court of Common Pleas of [    ] County on charges of theft by deception, tampering with public records or information, securing execution of documents by deception and unsworn falsification to authorities.

As a result of this conviction, respondent was sentenced, pursuant to a plea agreement, to five years probation for the felony counts and two years probation for the misdemeanor counts, to run concurrent with the five year sentence. Respondent was ordered to pay costs and restitution to the City of [    ] in the amount of $130,000.

On February 28, 1994, the Office of Disciplinary Counsel filed a petition for discipline against respondent on the basis of his conviction. Petitioner alleged that the conduct that led to respondent's criminal conviction violated five Rules of Professional Conduct. Respondent filed an answer on March 29, 1994.

The hearing on this matter was held on July 21, 1994 before Hearing Committee [    ] comprised of

16

Chairman [    ] Esq. and members [    ], Esq. and [    ], Esq. Hearing Committee [    ] filed its report on January 11, 1995 and recommended that respondent be disbarred from the practice of law. Respondent filed his brief on exceptions on February 2, 1995. Office of Disciplinary Counsel filed its opposing brief on February 22, 1995.

The matter was adjudicated at the March 30, 1995 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207, Pa.R.D.E., with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], is currently suspended from the practice of law by order of the Supreme Court of Pennsylvania dated September 1, 1993, entered pursuant to Rule 214(d), Pa.R.D.E.

(3) Respondent was born in 1949 and admitted to practice law in the Commonwealth of Pennsylvania in 1975. He resides at [    ], with his wife and three minor children. At all times relevant to this proceeding, respondent was a sole practitioner concentrating on criminal defense of indigent persons.

(4) On July 27, 1993, respondent pled guilty to theft by deception, tampering with public records, securing

execution of documents by deception, and unsworn falsification to authorities.

(5) Respondent was sentenced to five years probation for theft by deception and tampering with public records, and two years probation on the other charges to run concurrently. Respondent was sentenced to pay $130,000 in restitution, which has been paid.

(6) Respondent complied with Rule 214(a), Pa.R.D.E., requiring notification of his conviction to the secretary of the board.

(7) From 1990 through 1992, respondent submitted 254 fee petitions requesting payment for providing legal services to indigent defendants in the City of [    ]. These fee petitions were filed with the deputy court administrator for fiscal affairs and contained statements itemizing purported time expended, services rendered and expenses incurred by respondent in performing legal services. The fee petitions contained respondent's notarized affidavit that the facts and information set forth in the fee petition were true and correct to the best of his knowledge, information and belief. After the deputy court administrator and the trial court judge reviewed respondent's fee petitions, the city issued respondent checks for compensation. From 1990 through 1992, respondent received a total of $345,755.12 from the City of [    ].

(8) Respondent's fee petitions revealed that for the relevant time frame he billed for working more than 40 hours per day on three separate days, 24 hours per day on 85 separate days, and more than 18 hours per day on 140 separate days. Respondent's sworn fee petitions and vouchers revealed he worked an average of 11.5 hours per day, seven days per week, 365 days per year for the years 1990 through 1992.

(9) Respondent's scheme to deceive the city into paying him unearned money included the following offenses: filing fee petitions and receiving money from the city for representing defendants on non-existent cases; filing fee petitions and receiving money from the city for representing indigent defendants in the Court of Common Pleas when official court records showed that he was not present in court on those specific dates and times; filing fee petitions and receiving money from the city for time spent researching and writing petitions for allowance of appeal in the Pennsylvania Supreme Court when he submitted the identical appellate brief that he had in the Superior Court; filing fee petitions that were drafted so that it appeared that he represented a defendant on more than one matter when in fact he provided legal representation for handling a single matter, thereby enabling him to receive two fees for one appointment and circumvent the legal fee ceiling; filing fee petitions and receiving money from the city for performing the same legal services for which compensation was requested in other fee petitions; filing fee petitions and receiving money from the city for spending grossly inflated amounts of time; performing routine legal services some of which were not performed.

(10) Respondent testified before the Hearing Committee that he operated his law practice out of his house with no employees or secretarial assistance.

(11) The respondent testified that during the years he was representing indigent criminal defendants he did not maintain contemporaneous time records.

(12) The respondent testified that when he completed a case he would prepare his fee petition and time sheets by attempting to reconstruct the file and this would be based on reviewing his appointment book and reviewing the file. The respondent indicated at times he

would pick a date because he knew he did the work but was not sure of the date and time period. Respondent admitted he was absolutely wrong in not keeping contemporaneous records and reconstructing in this fashion but explained this was his procedure since he was a sole practitioner without any help or support.

(13) Respondent testified that he complied with all of the terms and conditions of his probation and he is currently performing paralegal work as well as credit management work.

(14) Character witnesses ranging from neighbors to fellow attorneys testified on behalf of respondent as to his excellent reputation in the community as a truthful and honest person, a peaceful and law-abiding person, and a good family man.

(15) Respondent has never been subject to a disciplinary proceeding prior to this proceeding.

## III. CONCLUSIONS OF LAW

Respondent's July 27, 1993 conviction for violations of 18 Pa.C.S. §3922, 18 Pa.C.S. §4911, 18 Pa.C.S. §4114, and 18 Pa.C.S. §4904 is a conviction under Rule 214(d), Pa.R.D.E.

Respondent's conviction constitutes a per se individual basis for discipline under Rule 203(b)(1), Pa.R.D.E.

Respondent's aforementioned misconduct violated the following Rules of Professional Conduct:

(a) R.P.C. 3.3(a)(1)—A lawyer shall not knowingly make a false statement of material fact or law to a tribunal.

(b) R.P.C. 4.1(a)—In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.

(c) R.P.C. 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

(d) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(e) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

## IV. DISCUSSION

Respondent's criminal conviction constitutes a per se ground for discipline pursuant to Rule 203(b)(1), Pa.R.D.E. As respondent's misconduct establishes a basis for the imposition of discipline, the dispositive issue before the board is the appropriate measure of discipline to be imposed. In order to determine the type of discipline warranted by respondent's actions, the board must carefully consider and evaluate the facts which gave rise to the criminal charges as well as any mitigating factors presented by the respondent. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982).

The board will first address respondent's exceptions. Respondent raises three exceptions for consideration before the board. Respondent excepts to the Hearing Committee's conclusion that while respondent has indicated he is sorry for his conduct, respondent's testimony is more in the nature of admitting mistakes were made rather than conceding respondent intended to defraud the city and expressing sorrow for such conduct. Review of the hearing transcript demonstrates the Hearing Committee did not err in reaching this conclusion. Respondent did admit he made a mistake and

was wrong to do what he did, but repeatedly said he did not keep good, accurate records. Respondent also testified he believed there were many services he performed for which he never got paid because the fee petitions were cut. Respondent did testify that he intended to deceive the City of [    ], however, respondent never stated his sense of remorse or repentance for this intentional conduct.

Respondent excepts to the Hearing Committee's finding of fact no. 2.c. wherein the committee sets forth the methods employed by respondent to defraud the City of [    ]. There is no merit to this exception. The facts that respondent disputes were culled from the affidavit of probable cause to arrest and transcript of respondent's guilty plea of July 27, 1993, documents that were submitted into evidence without objection by respondent at the hearing.

Respondent excepts to the Hearing Committee's failure to find that respondent's fee petitions were cut by $58,000 by the court. The Hearing Committee did not need to make any such finding because such finding is irrelevant to the reason why respondent was before the Hearing Committee. The fact of respondent's conviction was established and the Hearing Committee did not need to consider whether the [    ] court system did or did not cut respondent's fee petitions by $58,000. That issue was not before the Hearing Committee for consideration, nor is it before this board for consideration. It simply is not relevant to the instant proceedings.

Having disposed of respondent's exceptions the board must make a determination as to the type of sanction appropriate. The board is not obligated to rubber stamp the recommendation of the Hearing Committee. The board's review of attorney disciplinary cases is de novo

and the board may recommend to the Supreme Court the discipline it deems appropriate. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). In the instant matter, the board is in agreement with the Hearing Committee that respondent should be disbarred.

In considering the facts of this matter, it is important to note that the board's function is not to retry the criminal case or provide the equivalent of a second opportunity for acquittal. *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 584 A.2d 296 (1990). Respondent's conviction is conclusive evidence of the commission of the crime and by pleading guilty respondent admitted to specifically intending to defraud and deceive, foreclosing any argument of mistake or accident.

The record evidences that respondent's conduct consisted of a systematic scheme to defraud and steal from the City of [     ] during a three year time frame. To effectuate the scheme, respondent engaged in such conduct as submitting sworn fee petitions to the [     ] Court Administrator stating he worked more hours than he actually did. Respondent requested payment for representing defendants on non-existent cases. Respondent requested payment for times when he was not present in court on the dates he listed in the sworn petitions. Respondent requested fees for time spent researching and writing briefs to the Pennsylvania Supreme Court when in actuality respondent submitted identical appellate briefs he had previously filed with the Superior Court. Respondent filed fee petitions stating he represented a defendant on more than one matter, when in actuality he handled a single matter for such defendant.

Numerous character witnesses testified at the hearing to respondent's excellent character and representation

of his clients. Witnesses spoke to respondent's concern for his family and involvement with his community. While these attributes are certainly laudable, the board does not view them as mitigating the reality that respondent was involved in an ongoing course of intentional conduct to defraud the City of [ ] and its taxpaying citizens.

The type of behavior of which respondent was convicted has been condemned by the Supreme Court of Pennsylvania:

"This court has held that false swearing is an 'egregious species of dishonesty' which goes to the heart of the legal profession. . . . In choosing an appropriate punishment, there is no doubt that dishonesty on the part of an attorney establishes his unfitness to continue practicing law. Truth is the cornerstone of the judicial system; a license to practice law requires allegiance and fidelity to truth. Respondent's false swearing and dishonest conduct are the antithesis of these requirements. We deem disbarment to be the appropriate remedy for false swearing." *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 200, 425 A.2d 730, 733 (1981). (citation omitted)

More recently the Supreme Court of Pennsylvania stressed that dishonest actions on the part of an attorney are of the most reprehensible nature and demonstrate a fundamental unfitness to continue practicing law requiring disbarment. *Office of Disciplinary Counsel v. Holston,* 533 Pa. 78, 619 A.2d 1054 (1993) (attorney forged a court order and certificate and lied to a trial judge when confronted with the situation).

While there have been cases wherein the Supreme Court has approved suspension for attorneys convicted of fraud or embezzlement, this particular case demands a harsher remedy as respondent's conduct continued

for three years until unearthed by a newspaper investigation. Respondent has not shown appreciable contrition or sorrow for his conduct, and it is the opinion of this board that respondent would not have come forward on his own to report his conduct had he not been directly and indisputably confronted with it.

It is clear that respondent abused the court system for his avaricious desires and personal benefit. Such a person is not fit to practice law in this Commonwealth. Disbarment is an extreme sanction which must be imposed only in the most egregious cases because it represents a termination of the license to practice law without a promise of its restoration at any future time. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). Having fully considered respondent's violation of the criminal laws of this Commonwealth and five of this Commonwealth's Rules of Professional Conduct, the board is convinced that disbarment is the appropriate discipline.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [ ], be disbarred retroactive to September 1, 1993, the date of his suspension.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Mr. Kerns recused himself.

Mr. Saltz did not participate in the adjudication.

## ORDER

And now, November 30, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated October 18, 1995, it is hereby ordered that [respondent] be and he is disbarred, retroactive to September 1, 1993, from the bar of this Commonwealth and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It it further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Montemuro participates by designation as a senior judge as provided by Pa.R.J.A. no. 701(f).