## In re Anonymous No. 86 D.B. 92

Disciplinary Board Docket no. 86 D.B. 92.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

LIEBER, *Member,* October 30, 1995—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Pennsylvania Supreme Court issued an order on September 4, 1992, suspending respondent from practicing law pursuant to Pa.R.D.E. 214(d). This order was issued on the basis of respondent's July 5, 1991, conviction in the [    ] Court of Common Pleas of criminal conspiracy, perjury, theft by deception and false swearing in official matters. Respondent was sentenced to undergo imprisonment of 11-1/2 months to 23 months, two years probation consecutive to the prison term, restitution of $15,000, fines of $75,000, court costs and a $30 mandatory assessment to the court. Respondent appealed his case to the Pennsylvania Superior Court and the Pennsylvania Supreme Court, both of which affirmed the trial court's decision.

A petition for discipline was filed by the Office of Disciplinary Counsel on April 29, 1994, on the basis of respondent's conviction. Petitioner alleged that the conduct that led to respondent's criminal conviction

violated DR 1-102(A)(3), DR 1-102(A)(4), DR 1-102(A)(5) and DR 1-102(A)(6). Respondent filed an answer on August 15, 1994, after his efforts to change venue were denied by the board.

A hearing on this matter was held on November 8, 1994, before Hearing Committee [    ] comprised of Chairperson [    ], Esq. and Members [    ], Esq. and [    ], Esq. Hearing Committee [    ] filed its report and recommendation on March 10, 1995. The committee recommended a suspension not to exceed five years.

This matter was adjudicated by the Disciplinary Board at the meeting of June 16, 1995.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was admitted to the practice of law in the Commonwealth of Pennsylvania in or about November 1957.

(3) Respondent was suspended from the practice of law by order of the Supreme Court of Pennsylvania dated September 4, 1992.

(4) Respondent last maintained an office for the practice of law in [    ]. His permanent address is [    ].

(5) Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(6) On November 8, 1994, the date of the hearing in the instant matter, respondent was incarcerated pursuant to a sentence imposed on him by the Court of Common Pleas of [    ] County, at nos. [    ], May term 1990, trial division, criminal section.

(7) Respondent, through his counsel, waived his right to attend the hearing and agreed that the hearing should proceed in respondent's absence.

(8) On or about December 5, 1989, a criminal complaint was filed against respondent in the Court of Common Pleas of [    ] County, criminal division, based upon a statement of probable cause from the [    ] Police Department.

(9) Respondent was bound over at information nos. [    ] and was charged with multiple counts of criminal conspiracy, perjury, theft by deception and false swearing in official matters.

(10) The criminal charges against respondent arose from acts he had taken or failed to take in two civil actions in the Court of Common Pleas of [    ] County, civil trial division.

(11) The two cases involved were the cases of *[A] v. [B]* and *[C] v. [D]*.

(12) Respondent was tried in the Court of Common Pleas of [    ] County by the Honorable [E], a judge of that court, sitting without a jury.

(13) On or about July 5, 1991, Judge [E] found respondent guilty as to the charges involving the civil litigation in the cases of *[A] v. [B]* and *[C] v. [D]*.

(14) Specifically, Judge [E] found respondent guilty on bills of information nos. [    ] (criminal conspiracy, F-3), [    ] (perjury, F-3), [    ] (false swearing, M-2), [    ] (theft by deception, F-3), [    ] (false swearing,

M-2), [    ] (perjury, F-3), [    ] (criminal conspiracy, F-3) and [    ] (theft by deception, F-3).

(15) Judge [E] acquitted respondent of any charges in connection with bills of information nos. [    ].

(16) On or about October 31, 1991, on bills of information nos. [    ], [    ], [    ] and [    ] through [    ], Judge [E] imposed concurrent sentences of 11-1/2 to 23 months of incarceration, followed by two years of probation and a fine of $15,000 on each bill of information (collectively $75,000). As a condition of probation, respondent was ordered to pay $15,000 restitution. No judgment of sentence was imposed from bills of information nos. [    ] and [    ] (false swearing), as in the judgment of Judge [E] those bills of information were deemed to have merged with the perjury bills.

(17) On or about November 8, 1991, respondent filed a petition to modify sentence in the Court of Common Pleas of [    ] County.

(18) On or about October 12, 1991, Judge [E] denied respondent's petition to modify sentence.

(19) On or about November 27, 1991, respondent filed a notice of appeal to the Superior Court of Pennsylvania on the judgment of sentence imposed by Judge [E]. The appeal was filed in the Superior Court of Pennsylvania to docket no. [    ] [    ] 1991.

(20) On or about February 4, 1993, the Superior Court of Pennsylvania issued an order and memorandum opinion which affirmed the judgment of the lower court and sustained the findings of guilt and the sentence imposed on respondent.

(21) On or about March 5, 1993, respondent filed with the Supreme Court of Pennsylvania, a petition for allowance of appeal from the judgment of the Su-

40

perior Court no. [    ], [    ] District, allocatur docket 1993.

(22) By order dated March 31, 1994, the Supreme Court of Pennsylvania affirmed the judgment of the Superior Court, thus affirming the findings of guilty and the sentence imposed on respondent by the Court of Common Pleas of [    ] County.

(23) The petition for discipline in the instant matter was filed on or about April 29, 1994, to the docket number listed hereinabove.

(24) The petition for discipline filed herein was served on or about May 16, 1994.

(25) By order dated June 9, 1994, the Disciplinary Board of the Supreme Court of Pennsylvania denied a request made by respondent to transfer the within action from District [    ] to District [    ].

(26) By order dated September 7, 1994, the Disciplinary Board of the Supreme Court of Pennsylvania set the within hearing for November 8, 1994.

(27) The misconduct upon which respondent's criminal convictions were based involved inaction on his part upon learning of fraudulent conduct of participants in a civil action in which he was an attorney of record. (N.T., p. 15, lines 2-5.)

(28) Two co-conspirators testified against their own apparent self-interest at respondent's criminal trial that respondent had not known in advance of their fraudulent conduct and had not solicited or participated with them in the planning of the fraudulent conduct. (N.T., p. 15, line 22; (p. 16, line 10.)

(29) At respondent's criminal trial, over 60 prominent members of the bar and of the community testified

as character witnesses for the respondent. An additional 31 individuals wrote letters on his behalf. These witnesses attested to his character, his involvement in community and charitable affairs, his honorable handling of other situations in the practice of law, and the quality of his relationship with his family and friends. (Exhibit R-1.)

(30) There is no evidence that respondent was ever implicated in any other conduct of the nature of that which is of the essence of this matter. (N.T., p. 27, lines 16-21.)

(31) As of November 8, 1994, the date of the hearing in this matter, respondent had not as yet paid the $15,000 restitution ordered as a condition of probation by Judge [E] in sentencing respondent on bills of information nos. [   ], [   ], [   ·  ] and [   ] through [   ]. It is not clear whether respondent has paid the fines imposed by Judge [E] of $15,000 on each bill of information (collectively $75,000). (N.T., pp. 33-34.)

(32) The misconduct upon which respondent's criminal convictions were based took place, in substantial part, prior to March 31, 1988. (Petition for discipline, paragraph 4.)

## III. CONCLUSIONS OF LAW

Respondent's July 5, 1991, conviction on charges of criminal conspiracy, perjury, theft by deception and false swearing in official matters is a conviction under Rule 214(d), Pa.R.D.E.

Respondent's conviction constitutes a per se individual basis for discipline under Rule 203(b)(1), Pa.R.D.E.

Respondent's aforementioned conduct violated the following Disciplinary Rules of the Code of Professional Responsibility:

(a) DR 1-102(A)(3)—A lawyer shall not engage in illegal conduct involving moral turpitude.

(b) DR 1-102(A)(4)—A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(c) DR 1-102(A)(5)—A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

(d) DR 1-102(A)(6)—A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law.

## IV. DISCUSSION

Respondent's criminal conviction constitutes a per se ground for discipline pursuant to Pa.R.D.E. 203(b)(1). Since respondent's misconduct establishes a basis for the imposition of discipline, the dispositive issue before the board is the appropriate measure of discipline to be imposed. In order to determine the type of discipline warranted by respondent's actions, the board must judiciously consider and evaluate the facts which gave rise to the criminal charges as well as any mitigating factors. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982).

The misconduct upon which respondent's conviction was based involved his inaction in a civil case in which he was the attorney of record during a time frame when he knew that participants to the action were conducting themselves in a fraudulent fashion. Among other things, respondent knew, for some length of time, that a certain party to the action was dead and that his own client

was impersonating the dead man. Respondent knew that his client was at times lying while under oath but took no action to discontinue the case. Only when other partners in his firm became aware of the situation and started to investigate, did respondent decide to drop the case. Respondent's involvement in the matter was not merely "passing" or "accidental"; it was knowing, as the Court of Common Pleas of [    ] established.

The Supreme Court of Pennsylvania does not look lightly upon such knowing acts of dishonesty. See *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987). Recently, in *Office of Disciplinary Counsel v. Holston,* 533 Pa. 78, 619 A.2d 1054 (1993), the Supreme Court disbarred an attorney for knowingly forging a court order and certificate and then lying to a judge concerning the origins of the document. The instant matter appears to the board to be analogous to the *Holston* case in that respondent's conduct demonstrates a callous disregard for the integrity of the legal process. Similarly, in *Office of Disciplinary Counsel v. Passyn,* 537 Pa. 371, 644 A.2d 699 (1994), the Supreme Court disbarred an attorney for lying to her clients, the Lawyers' Fund for Client Security, and the court of common pleas. The misconduct engaged in by respondent goes to the heart of respondent's fundamental fitness to practice law in this Commonwealth where the judicial system requires allegiance and fidelity to the truth. *Holston, supra* at 84, 619 A.2d at 1057. Respondent's deceit is the antithesis of this requirement.

Respondent attempts to mitigate the severity of his actions by pointing to his outstanding success as an attorney for 30 years and his otherwise unblemished disciplinary record. Respondent cites his active participation in community and religious programs. Respondent also stresses the resulting hardships on his

family and the health problems he and his wife have suffered. Approximately 90 members of the bar testified or wrote letters on his behalf. Yet respondent's background and standing among his fellow practitioners actually illuminate his misconduct. By violating the laws of this Commonwealth and the Disciplinary Rules of his profession, respondent has severely damaged the public's confidence in the legal profession and betrayed those attorneys who considered him a role model.

Once again, the board must emphasize that disciplinary proceedings are not for the purpose of punishment, but rather determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministration of persons unfit to practice. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994).

Having fully considered the record, the board is satisfied that disbarment is the only appropriate remedy for respondent's egregious conduct and the only method of protecting the public, the profession and the courts.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be disbarred, retroactive to September 4, 1992. It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Member Marroletti abstained.

Mr. Saltz recused himself and left the meeting during the consideration and disposition of this matter.

Messrs. Leonard, Paris and Miller did not participate in the June 16, 1995 adjudication.

## ORDER

And now, November 30, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated October 30, 1995, it is hereby ordered that [respondent] be and he is disbarred, retroactive to September 4, 1992, from the bar of this Commonwealth and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Castille did not participate in this matter.