## In re Anonymous No. 135 D.B. 94 and 38 D.B. 95

Disciplinary Board Docket nos. 135 D.B. 94 and 38 D.B. 95.

CARSON, *Member,* April 12, 1996—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your Honorable Court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 9, 1994, a petition for discipline was filed against respondent, [    ], in the case of 135 D.B. 94. Respondent did not file an answer. Petitioner filed a second petition for discipline against respondent on March 27, 1995, in the case of 38 D.B. 95. Simultaneous to filing the second petition for discipline, petitioner filed a motion to consolidate both matters. Respondent did not file an answer to the petition or the motion. By order entered April 19, 1995, the Disciplinary Board granted petitioner's motion and consolidated both actions. A hearing was held on this matter on April 24, 1995 before Hearing Committee [    ] comprised of Chairperson [    ], Esquire, and Members [    ], Esquire, and [    ], Esquire. Proper notice was given to respondent of the hearing, and respondent acknowledged that he was aware a hearing was scheduled for April 24, 1995. However, respondent did not appear nor did he have representation. Petitioner was represented by [    ], Esquire. The committee filed its report

on December 13, 1995 and recommended disbarment. No briefs on exceptions were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting held on February 1, 1996.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 3710 One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], is a formerly admitted attorney who was originally admitted to practice law in the Commonwealth of Pennsylvania on or about November 19, 1968. By order effective July 18, 1994, the Supreme Court of Pennsylvania placed respondent on inactive status because of respondent's failure to comply with the Pennsylvania Rules for Continuing Legal Education. By order effective September 23, 1994, the Supreme Court of Pennsylvania suspended respondent from the bar of the Commonwealth for a period of six months for violations of the Rules of Professional Conduct. Respondent formerly maintained an office at [    ]. Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

*Petition for Discipline No. 135 D.B. 94*

(3) In or about January 1986, [A] was involved in an automobile accident which occurred on [    ]. (N.T. at 45.)

(4) Thereafter, [A] met with respondent regarding the accident. Respondent agreed to represent [A] and entered into a contingent fee agreement with her for representation in the case. (N.T. at 45.)

(5) In or about April 1986, until in or about May 1991, respondent took preliminary steps to represent [A] including filing a civil complaint and having the matter set for trial. (N.T. at 21, 24, 25, 26; Exh. P-2, P-3, P-5, P-19, P-20, P-41.)

(6) On or about May 15, 1991, the court called this case for trial. On that day respondent appeared without [A]. (N.T. at 28, 29; Exh. P-41.)

(7) On or about May 15, 1991, respondent told the court [A] was in the hospital and that she had suffered additional injuries because of the accident. (N.T. at 28, 29, 30, 31; Exh. P-26.)

(8) This was a misrepresentation and respondent knew it was a misrepresentation when he made it to the court because as of May 15, 1991, respondent had not communicated with complainant about the May 15, 1991, hearing date and [A] had not advised respondent she was in the hospital. (N.T. at 46, 47.)

(9) On or about May 15, 1991, respondent stated to the court that respondent could not get a doctor's report on the significant additional injury and requested a continuance to do so. (N.T. at 28, 29, 30; Exh. P-26.)

(10) On or about May 15, 1991, the court granted a continuance and ordered respondent to pay lost wages and produce documents from the doctor substantiating the alleged significant additional injury. (N.T. at 29; Exh. P-26.)

(11) Thereafter, respondent failed to produce documents from [A's] doctor substantiating the additional injuries. (N.T. at 30, 31; Exh. P-27, P-28.)

(12) The court set a date certain for trial of July 8, 1991. (Exh. P-2, P-41.)

(13) On or about July 7, 1991, respondent called [A] and told her the hearing scheduled for July 8, 1991, was cancelled. (N.T. at 49, 50.)

(14) On or about July 8, 1991, respondent and attorney [B], opposing counsel, appeared before Judge [C]. Respondent failed to bring [A] with respondent. Respondent stated [A] was in the hospital and was unable to appear. (N.T. at 30; Exh. P-31.)

(15) This was a false statement and respondent knew it was false when respondent made it because [A] was not in the hospital and, in fact, respondent had called [A] on July 7, 1991, and told her the hearing was cancelled. (N.T. at 49, 50.)

(16) On or about July 8, 1991, respondent requested a continuance. (N.T. at 30; Exh. P-27.)

(17) On or about July 8, 1991, the court denied respondent's request for a continuance and granted [B's] motion for involuntary nonsuit. (N.T. at 31; Exh. P-2, P-27, P-41.)

(18) On or about July 18, 1991, respondent filed a motion to take off nonsuit. (N.T. at 33; Exh. P-2, P-41.)

(19) On or about October 15, 1991, respondent filed a memorandum of law on the nonsuit motion. (Exh. P-2, P-41.)

(20) On or about October 16, 1991, both respondent and [B] appeared before Judge [C] and argued the motion to remove nonsuit. (N.T. at 32, 33; Exh. P-2, P-41.)

(21) By final order entered on November 8, 1991, the court denied and dismissed respondent's motion to remove nonsuit. (Exh. P-2, P-30, P-41.)

(22) On or about December 9, 1991, respondent filed a notice of appeal with the [    ] County Court of Common Pleas noticing that respondent was appealing the court's decision to the Superior Court of Pennsylvania. (Exh. P-2, P-41.)

(23) The appeal was filed at no. [    ] in the Superior Court of Pennsylvania. (Exh. P-2, P-15, P-16.)

(24) On or about April 28, 1992, [B] filed a motion to dismiss the appeal. (Exh. P-2, P-16, P-17, P-41.)

(25) Thereafter, respondent failed to file a brief with the Superior Court in support of respondent's appeal. (N.T. P-2, P-18, P-41.)

(26) By order entered October 30, 1992, the Superior Court granted the motion to dismiss due to respondent's failure to file a brief. (Exh. P-2, P-41.)

(27) At the hearing, [A] walked with a cane and advised the Hearing Committee she often needed to use a wheelchair and a walker due to injuries and lingering pain and suffering caused by the very accident for which respondent undertook representation. (N.T. at 61.)

*Petition for Discipline No. 38 D.B. 95*

(28) By letter dated June 22, 1994, [D], secretary of the board, advised respondent that the Supreme Court of Pennsylvania had transferred respondent to inactive status effective July 18, 1994, because of respondent's failure to comply with the Pennsylvania Rules for Continuing Legal Education. (Exh. P-21.)

(29) [D] further advised respondent that respondent was required to comply with Rule 217 of the Pa.R.D.E. and sections 91.91 to 91.99 of the Disciplinary Board Rules. (Exh. P-21.)

(30) [D] sent respondent copies of the aforementioned rules and Disciplinary Board forms to be completed and returned to [D]. The Disciplinary Board forms included: Form D.B.-23 and Form D.B.-24 regarding non-litigation and litigation notice of disbarment, suspension or transfer to inactive status, and Form D.B.-25—statement of compliance. (Exh. P-21.)

(31) Under the provisions of Rule 217(e), respondent had 10 days after the effective date of the transfer to inactive status, or until July 28, 1994, to demonstrate to the Disciplinary Board respondent's compliance with all provisions of the rules. (Exh. P-21.)

(32) The rules noted above required respondent to notify three classes of people. These include clients in non-litigation matters, clients in litigation matters and all other persons to whom respondent owed a fiduciary duty. The rules required respondent to advise all clients of respondent's transfer to inactive status, respondent's inability to represent them and advice to each to seek legal advice elsewhere. The notices were to be sent by certified mail, return receipt requested. (Exh. P-21.)

(33) Disciplinary Board Rule 91.91(b) requires respondent to forward a copy of all such notices and return receipts to the office of the secretary. (Exh. P-21.)

(34) Notwithstanding the explicit requirements in the rules cited above, respondent failed to send copies of notices respondent forwarded to clients and other persons to the office of the secretary on or before July 28, 1994, or at any time prior to the scheduled April 24, 1995, disciplinary hearing. (Following the hearing, by letter dated April 26, 1995, respondent sent a cover letter to [D] with copies of letters purportedly sent to respondent's clients by respondent in or about September 1994. While respondent's letter noted a carbon

copy to petitioner, petitioner never received a copy of the letter from respondent.) (N.T. at 4; Exh. P-23, P-32.)

(35) Respondent also failed to file a statement of compliance with the office of the secretary on or before July 28, 1994. (Exh. P-32, P-33.)

(36) To date, respondent has failed to comply with the Pennsylvania Rules for Continuing Legal Education.

(37) By letter dated August 24, 1994, [D] forwarded to respondent a copy of the Supreme Court of Pennsylvania order dated August 23, 1994, suspending respondent from the bar of the Commonwealth for a period of six months, effective 30 days from the date of the order (September 22, 1994). (Exh. P-21.)

(38) The six-month suspension followed a full disciplinary hearing wherein the Office of Disciplinary Counsel demonstrated that respondent engaged in conduct which violated Rule 1.4 and Rule 1.16(d) of the Rules of Professional Conduct and presented evidence of respondent's extensive history of discipline. (Exh. P-39.)

(39) Respondent's history of discipline includes: an informal admonition received on December 14, 1978; a private reprimand received on March 29, 1979; a six-month suspension by order of September 2, 1980; an informal admonition received on April 4, 1987; an informal admonition with conditions received on June 20, 1991; indefinite transfer to inactive status by Supreme Court order effective July 18, 1994; and a six-month suspension by order dated August 23, 1994. (Exh. P-34-P-39.)

### III. CONCLUSIONS OF LAW

By his conduct as set forth in the above findings of fact, respondent has violated the following Rules

of Professional Conduct, Pennsylvania Rules of Disciplinary Enforcement, and Disciplinary Board Rules:

(1) R.P.C. 1.1—A lawyer shall provide competent representation to a client.

(2) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(3) R.P.C. 8.4(a)—It is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or to do so through the acts of another.

(4) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(5) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

(6) Pa.R.D.E. 203(b)(3)—The willful violation of any provision of the enforcement rules is grounds for discipline.

(7) Pa.R.D.E. 217(a), (b), and (d)—A formerly admitted attorney must promptly notify all clients and all persons or their agents or guardians to whom a fiduciary duty is or may be owed at any time thereafter and all other persons with whom the formerly admitted attorney may at any time expect to have professional contacts under circumstances where there is reasonable probability that they may infer that he or she continues as an attorney in good standing, of the disbarment, suspension or transfer to inactive status.

(8) Pa.R.D.E. 217(e)—A formerly admitted attorney must within 10 days after the effective date of the disbarment, suspension or transfer to inactive status order, file with the board a verified statement showing that the provisions of the order and the enforcement rules

have been fully complied with and listing all other state, federal, and administrative jurisdictions to which such person is admitted to practice. Such statements shall also set forth the residence or other address of the formerly admitted attorney where communications to such person may thereafter be directed.

(9) Pa.R.D.E. 217(i)—A formerly admitted attorney must keep and maintain records of the various steps taken by such person under these rules so that, upon any subsequent proceeding instituted by or against such person, proof of compliance with these rules and with the disbarment, suspension or transfer to inactive status order will be available.

(10) Disciplinary Board Rule §§91.91-91.93—Which set forth specific procedures to be followed for notification of clients in non-litigation matters, litigation matters, and other persons.

(11) Disciplinary Board Rule §91.95—Which sets forth specific steps to demonstrate proof of compliance.

(12) Disciplinary Board Rule §91.98—Which sets forth specific steps for maintenance of records of compliance with enforcement rule requirements.

## IV. DISCUSSION

This matter is before the board upon consolidated petitions for discipline. The first petition charges respondent with violations of the Rules of Professional Conduct arising from his engagement in conduct that constitutes neglect, misrepresentation and conduct prejudicial to the administration of justice. The second petition charges respondent with failure to comply with Disciplinary Enforcement Rules following his transfer to inactive status by the Pennsylvania Supreme Court

for failure to meet CLE requirements and his subsequent suspension following disciplinary proceedings.

A full evidentiary hearing was held on April 24, 1995. Respondent did not appear. Petitioner presented clear and convincing evidence that respondent failed to take proper steps in representing his client, [A], failed to participate in discovery, failed to comply with court deadlines and orders, failed to present evidence and testimony on his client's behalf and caused irreparable harm to his client by foreclosing all civil appellate remedies. Petitioner presented evidence that respondent made misrepresentations to the court and his client.

Petitioner presented clear and satisfactory evidence that respondent failed to comply with disciplinary enforcement rules requiring him to notify clients after his transfer to inactive status and subsequent suspension. The record reflects that respondent had ample notice regarding his obligations under the enforcement rules following his June 1994 transfer to inactive status and his August 1994 six-month suspension. Despite this notice, respondent failed to comply with Rule 217, Pa.R.D.E., within the time period allotted.

Based on the evidence of record the board concludes that petitioner carried its burden of proving by clear and convincing evidence that respondent engaged in violations of the Rules of Professional Conduct and Pennsylvania Rules of Disciplinary Enforcement. The final step the board must take to dispose of this matter is to determine the appropriate sanction, taking into consideration any aggravating or mitigating circumstances present.

The evidence demonstrates that respondent engaged in serious misconduct, the most serious of which the board views to be respondent's misrepresentations to his client and the trial court. Respondent failed to inform

his client of a hearing, and then he appeared at the hearing and misrepresented to the court that his client was unavailable. Subsequently, respondent called his client the night before the next hearing and told her it had been postponed, which was not true. Respondent then made a knowing misrepresentation to the court that his client was unavailable. Respondent also misrepresented to a trial judge that he had malpractice insurance when in fact he did not.

Respondent's misconduct involved dishonesty to the court and deceptive practices prejudicial to the administration of justice. This type of misconduct has historically led to disbarment. The Supreme Court of Pennsylvania has clearly set forth its position regarding sanctions for dishonest behavior. In *Office of Disciplinary Counsel v. Holston,* 533 Pa. 78, 619 A.2d 1054 (1993), an attorney knowingly forged a court order and certificate and lied to a judge when questioned as to the origins of the document. The court expressly stated that dishonest actions by an attorney demonstrate a callous disregard for the integrity of the judicial process and call for the most severe sanction possible. *Id.* at 83, 619 A.2d at 1056. Holston was disbarred for his actions. In *Office of Disciplinary Counsel v. Passyn,* 537 Pa. 371, 644 A.2d 699 (1994), an attorney lied to clients, the Lawyers Fund for Client Security, and the court of common pleas. This behavior, in conjunction with other misconduct, warranted disbarment.

In the instant case, in addition to the dishonest conduct engaged in, there exist several factors that aggravate the disposition of this case. Respondent failed to appear at the disciplinary hearing and failed to participate in his defense. This failure to appear constitutes a serious aggravating element, as it demonstrates respondent's inability to comprehend the import of the situation.

*In re Anonymous No. 101 D.B. 92,* 23 D.&C.4th 168 (1994). Respondent also has an extensive record of prior discipline. Respondent received an informal admonition in 1978, a private reprimand in 1979, a six-month suspension in 1980, an informal admonition in 1987, an informal admonition in 1991, was transferred to inactive status on July 18, 1994 for failure to comply with CLE requirements, and a six-month suspension was ordered in August 1994. The misconduct engaged in by respondent that led to the prior discipline consisted of neglect and misrepresentation, which conduct is very similar to the instant conduct. Case law indicates that it is permissible to consider recidivism as an aggravating factor. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994); *Office of Disciplinary Counsel v. Davis,* 532 Pa. 22, 614 A.2d 1116 (1992). Standing alone, the misconduct engaged in by respondent warrants a very serious sanction. Considering this misconduct in conjunction with respondent's failure to appear and his recidivist behavior leads the board to the conclusion that disbarment is the most appropriate sanction to effectuate the purpose of the disciplinary system, which is to protect the public from unfit attorneys and maintain the integrity of the legal system. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987).

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [    ], should be disbarred from the practice of law in the Commonwealth of Pennsylvania.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

494

Board Member Marroletti recused himself.

Board Member Saltz dissented and would recommend a two-year suspension.

Board Member Lieber did not participate in the February 1, 1996 adjudication.

## ORDER

And now, May 30, 1996, upon consideration of the report and recommendations of the Disciplinary Board dated April 12, 1996, it is hereby ordered that [respondent] be and he is disbarred from the bar of this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.