## In re Anonymous No. 44 D.B. 95

Disciplinary Board Docket no. 44 D.B. 95.

NIX III, *Member,* November 13, 1997—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disci-

plinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On September 27, 1994, the respondent was convicted of theft by failure to make required disposition of funds received and theft by deception. This conviction constitutes a per se ground for discipline under Pa.R.D.E. 203(b)(1).

On February 15, 1995, a rule to show cause why respondent should not be placed on temporary suspension was issued by the Supreme Court.

On March 31, 1995, the Supreme Court issued a temporary suspension and referred the matter to the Disciplinary Board.

A hearing was held on July 31, 1996 before Hearing Committee [ ] comprised of Chair [ ] Esquire, and Members [ ], Esquire, and [ ], Esquire.

Oral argument was held on September 17, 1997 before Chair Robert N. C. Nix III, Esquire, and Members Alfred Marroletti, Esquire and Thomas Elliott, Esquire.

The matter was adjudicated by the Disciplinary Board at the meeting held on October 4, 1997.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct

of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [ ], was admitted to practice law in the Commonwealth of Pennsylvania on or about October 13, 1972.

(3) Respondent formerly maintained an office for the practice of law at [ ].

(4) Respondent's last registered home address was [ ].

(5) Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(6) Respondent was the subject of a criminal information filed in the Court of Common Pleas of [ ] County, Pennsylvania, on or about February 7, 1994.

(7) After trial in the Court of Common Pleas of [ ] County, Pennsylvania, before the Honorable [A], president judge of that county, respondent was convicted of two felonies of the third degree, to wit:

"(a) *Theft by failure to make required disposition of funds received* (18 Pa.C.S. §3927(a)); and

"(b) *Theft by deception* (18 Pa.C.S. §3922(a)(1)."

(8) On or about September 27, 1994, Judge [A] sentenced respondent as follows:

*"For the charge under 18 Pa.C.S. §3927:*

"Not less than six months, nor more than 23 months incarceration;

"Payment of a fine in the amount of $100;

"Reimbursement of the County of [ ] of all costs incurred in connection with the prosecution;

"Restitution in the amount of $25,000 to the Pennsylvania Lawyers Fund for Client Security.

"*For the charge under 18 Pa.C.S. §3922:*

"Sentence merged with that under 18 Pa.C.S. §3927."

(9) After imposition of sentence, respondent appealed the judgment of sentence imposed upon him to the Superior Court of Pennsylvania, at *Commonwealth v. [Respondent],* no. [   ].

(10) Respondent was suspended from the practice of law by order of the Supreme Court of Pennsylvania dated March 31, 1995.

(11) The Superior Court of Pennsylvania, by memorandum dated September 18, 1995, affirmed the judgment and sentence of the Court of Common Pleas of [   ] County in respondent's case.

(12) Thereafter, no further appeals were filed.

(13) Respondent served the sentence of incarceration imposed upon him by the Court of Common Pleas of [   ] County.

(14) In the matter for which respondent was convicted of two third-degree felonies, *supra,* respondent received the sum of $25,000 in the context of civil litigation from another attorney, [B], on or about May 21, 1993.

(15) At the time that respondent received the $25,000, respondent signed an agreement with [B] whereby respondent would hold the $25,000 in respondent's escrow account and, upon occurrence of a condition, would immediately return the entire amount to [B].

(16) After receiving the $25,000, respondent began to make withdrawals from his escrow account and spent the funds on his own personal matters.

(17) By late summer or early fall of 1993, the money was almost entirely gone, whereupon respondent dis-

cussed the money with his clients and received their permission to apply it against his own fees in the matter.

(18) Respondent had converted and spent all of the $25,000 before he made any attempt to consult with legal counsel for advice as to whether he had any right to the money.

(19) On or about September 8, 1993, [B] called upon respondent to release the $25,000 from escrow.

(20) In response to [B's] request, respondent delayed to the point that [B] petitioned the [ ] County Court of Common Pleas to enjoin respondent from moving any of the $25,000 from his escrow account.

(21) During a conference on the injunction issue, in chambers with Judge [C] of the [ ] County Court of Common Pleas, respondent lied to the court about the presence of the $25,000 in his escrow account.

(22) During the course of his criminal trial, and in post-trial motions, respondent attempted to raise the defense that he was entitled to have taken the $25,000 as he did. Respondent characterizes this view as a "justification" or "privilege" defense. The opinion of the [ ] County Court of Common Pleas ruled against respondent as to this defense.

(23) Respondent also raised his "justification" and/or "privilege" defense in his appeal of his criminal conviction to the Superior Court of Pennsylvania. The Superior Court also found no merit in respondent's position in quashing his appeal and affirming his conviction.

### III. CONCLUSIONS OF LAW

As a result of his conviction of crimes for which he has been suspended, pursuant to Rule 214, Pa.R.D.E., respondent has engaged in misconduct which constitutes

an independent ground for discipline pursuant to Rule 203(b)(1), Pa.R.D.E.

Respondent's criminal conduct and conviction for that conduct constitutes a violation of Rules of Professional Conduct 8.4(b) and 8.4(c).

Respondent's conversion of funds constitutes a violation of R.P.C. 1.15(a) and 1.15(b).

## IV. DISCUSSION

On February 15, 1996, respondent was the subject of an order of the Supreme Court of Pennsylvania directing him to show cause why he should not be placed on temporary suspension based on his having been convicted in the Court of Common Pleas of [   ] County of the offense of theft by failure to make required disposition of funds received in violation of 18 Pa.C.S. §3927. Respondent was also convicted of theft by deception in violation of 18 Pa.C.S. §3922. Each of these convictions is a third-degree felony punishable by imprisonment for a period of time up to seven years. On March 31, 1995, the rule of February 15, 1995 was made final and respondent was placed on temporary suspension.

Clearly, respondent's misconduct resulted in a serious crime that constitutes an independent ground for discipline. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). Therefore, the only issue before this board is the appropriate discipline. The Hearing Committee was divided in its recommended discipline, the majority favored disbarment, while the dissenting member favored a three-year suspension. Respondent, in his efforts to convince this board that a three-year suspension is the appropriate discipline, must overcome two major hurdles.

The initial issue is whether this board is bound by the facts and circumstances surrounding the conviction as determined by a jury when deciding the issue of respondent's intent to convert funds. Respondent, in his brief to the oral argument panel, conceded that he is collaterally estopped from raising the issue of his intent to convert the funds in question. In the alternative, he would ask this board to review the case law and find that a period of suspension and not disbarment is the appropriate discipline. This is clearly the only responsibility of this board. In *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 584 A.2d 96 (1990), it was determined that a disciplinary hearing is not to be used as an opportunity to relitigate a conviction or elements of it. To support his position that suspension, rather than disbarment, is the appropriate discipline, respondent relies on a number of cases that resulted in less than disbarment in instances of conversion of funds.

In *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989), an attorney was given a two-year suspension as a result of the attorney's dishonesty and forgery; however, that determination was the result of the showing of a psychiatric disorder in mitigation.

In *In re Anonymous No. 66 D.B. 84,* 17 D.&C.4th, 414 (1992), an attorney who deposited funds into a personal, nonsegregated bank account, from which he withdrew monies to satisfy personal obligations, was suspended for two and one-half years.

In *Office of Disciplinary Counsel v. Kanuck,* 517 Pa. 160, 535 A.2d 69 (1987), an attorney's commingling of client funds and the borrowing of those funds resulted in a five-year suspension.

Clearly, respondent's discipline to this point warrants a suspension of anywhere from three years to disbarment. Having reached this decision, this board must determine whether any additional factors exist that would warrant disbarment rather than a suspension.

During a conference on the underlying injunction issue, in chambers with a judge of the Court of Common Pleas of [ ] County, respondent lied to the court about the presence of the $25,000 in his escrow account. In addition, during this same conference, respondent agreed to a court order enjoining him from releasing any of the $25,000 from his escrow account, at a time when he was fully aware that the monies had already been spent. Although respondent did lie to the court, he urges us to take note that it was due to panic and he shortly, thereafter, advised the court of the truth. In addition, respondent also raised the issue that the false statement was not made during a judicial proceeding. This defense was also raised in responding to respondent's false statements to opposing counsel. This board cannot agree with respondent's position that making false statements to a judge and fellow attorney outside of a judicial proceeding is any less egregious than making false statements during a judicial proceeding or at any other time. Further, the misconduct in the instant case can only be seen as an aggravating factor.

In *Office of Disciplinary Counsel v. Holston*, 533 Pa. 78, 619 A.2d 1054 (1993), and *Office of Disciplinary Counsel v. Grigsby*, 493 Pa. 194, 425 A.2d 730 (1981), it was clearly determined that false statements to a tribunal, whether it be a judge or another, resulted in disbarment. Although we agree with Disciplinary Counsel that any act of lying or deceiving a judge is sufficient to war-

rant disbarment, this board does not believe such action standing alone in this case mandates disbarment. However, given the fact that in the instant case, respondent's theft which on its own merit would amount to a suspension of at least three years, combined with respondent's act of lying to the court, leaves us no choice but to recommend that respondent be disbarred and the disbarment be made retroactive to March 31, 1995, the date of respondent's temporary suspension.

Another circumstance noted by the board in reaching a final disposition in this matter is the fact that at the oral argument, respondent was asked if restitution has been made to the Pennsylvania Lawyers Fund for Client Security. Respondent informed the board that, to date, $2,500 of the original $25,000 wrongfully taken, has been paid.

This board is always troubled when it is forced to discipline any attorney and such a decision is made all the more difficult when that same attorney has pillars of his community testify as to his good standing in the community. Unfortunately, such testimony is not enough, given the degree of misconduct in the instant case.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [    ], be disbarred retroactive to March 31, 1995.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Messrs. Saltz, Marroletti, Schultz and Cunningham did not participate in the October 4, 1997 adjudication.

## ORDER

Upon consideration of the report and recommendations of the Disciplinary Board dated November 13, 1997, and the briefs filed, it is hereby ordered that [respondent] be and he is disbarred from the bar of this Commonwealth, retroactive to March 31, 1995, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.