687 A.2d 1118

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

Milton E. RAIFORD, Respondent.

Supreme Court of Pennsylvania.

Argued Sept. 18, 1996.

Decided Jan. 17, 1997.

Wendell G. Freeland, Pittsburgh, for Respondent.

Samuel F. Napoli, Pittsburgh, Disciplinary Counsel.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

*OPINION OF THE COURT*

FLAHERTY, Chief Justice.

This is a disciplinary case in which the petitioner, Office of Disciplinary Counsel, requests that the respondent attorney, Milton E. Raiford, be disbarred in accordance with the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania (board).

In disciplinary cases, our review is *de novo;* we are not bound by the findings of the hearing committee or the board. *Office of Disciplinary Counsel v. Christie,* 536 Pa. 394, 396, 639 A.2d 782, 783 (1994). Nevertheless, we give substantial deference to the findings and recommendations of the board. *Id.*

The facts giving rise to this case are not in dispute. Raiford in fact concedes that the findings of fact made by the board are correct.

The disciplinary charges in this case arose from a fraud which Raiford perpetrated upon the judicial system in Allegheny County. In the course of representing two clients who had been charged with various criminal offenses, Raiford engaged in a series of flagrant deceptions that were designed to undermine the proper functioning of the criminal justice system.

Raiford's clients, Michelle Payne and Jonas Gillespie, had been charged with various narcotics offenses after police discovered drugs in a car in which they were seated. The car was owned by Gillespie. Raiford decided to benefit Gillespie at the expense of Payne through a scheme which utilized an impersonator, Justine Wallace. Wallace, pretending to be Payne, was taken by Raiford to a police officer for the purpose of issuing a "confession." After confessing, Wallace, again impersonating Payne, appeared with Raiford before a magistrate at a preliminary hearing. There she again stated that the drugs found in Gillespie's car were her own. Raiford admits that he perpetrated these deceptions because Payne would not agree to say that she owned the drugs found in Gillespie's car.

As a result of this fraud, the charges against Gillespie were withdrawn and the case against Payne proceeded to court. Soon thereafter, in the Court of Common Pleas of Allegheny County, Raiford again used Wallace to impersonate Payne. On that occasion, Wallace entered a plea of guilty for Payne and was sentenced to a term of probation. During the period when these deceptions were carried out, Raiford misrepresented to Payne the status of the charges against her so that she would remain unaware of his deeds.

Criminal charges were eventually filed against Raiford on the basis of the fraud which he perpetrated on the justice system. Convictions for obstructing administration of law or other governmental function (18 Pa.C.S. § 5101), unsworn

falsification to authorities (18 Pa.C.S. § 4904(a)), and tampering with public records or information (18 Pa.C.S. § 4911) ensued. Consequently, we suspended Raiford from the practice of law by order dated May 27, 1994. See Pa.R.D.E. 214(d) (temporary suspension of attorneys convicted of crimes). Raiford had no prior disciplinary record.

It is undisputed that conviction of a crime is in itself a basis for discipline. See Pa.R.D.E. 203(b)(1) (grounds for discipline); *Office of Disciplinary Counsel v. Costigan,* 526 Pa. 16, 23, 584 A.2d 296, 300 (1990). The issue in this case is not, therefore, whether discipline is warranted; rather, it is whether the sanction of disbarment should be imposed in accordance with the recommendation of the board.

▪ Disbarment is an extreme sanction that is to be imposed for only the most egregious ethical violations. *Office of Disciplinary Counsel v. Jackson,* 536 Pa. 26, 34, 637 A.2d 615, 619 (1994). The sanction is reserved for only the most serious cases of wrongdoing because it represents a termination of the license to practice law without a promise of its restoration at any future time. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 586–87, 506 A.2d 872, 879 (1986).

▪ Deceptions practiced on the judicial system are among the most serious of all disciplinary infractions. Disbarment, rather than suspension, has generally been the sanction imposed in such cases. See *Office of Disciplinary Counsel v. Holston,* 533 Pa. 78, 619 A.2d 1054 (1993) (where attorney fabricated a divorce decree and lied to the court regarding the origin of the decree, disbarment was imposed despite the fact that the attorney had no prior disciplinary record). See also *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 425 A.2d 730 (1981) (disbarment imposed where attorney filed false sworn pleadings).

▪ In an effort to mitigate the discipline to be imposed, Raiford cites his cooperation with law enforcement authorities during the investigation of this matter, lack of a prior disciplinary record, remorse, reformative efforts, and favorable character testimony. These factors do not, however, negate

the fact that Raiford engaged in a carefully planned and extensive series of deceptions that not only worked to the detriment of his client, Payne, but also struck at the very essence of the legal system that he was duty bound to uphold. See *Office of Disciplinary Counsel v. Passyn,* 537 Pa. 371, 384, 644 A.2d 699, 705 (1994) ("No amount of character testimony will overcome the fact that respondent lied to her clients, the lawyers fund for client security, and the court of common pleas.").

Raiford's behavior demonstrates a fundamental lack of integrity and fitness to practice law. To engineer a criminal conviction of his own client without her knowledge is so outrageously unethical as to require no further comment. Further, the level of dishonesty evidenced by his repeated actions in perpetrating this fraud upon the courts is nothing less than shocking. Raiford's actions reveal an egregious disregard for the integrity of the judicial system. As stated in *Holston,* 533 Pa. at 82, 619 A.2d at 1056, "we strongly condemn a lack of veracity to judicial authorities because such conduct undermines the integrity of the very process that an attorney swears to uphold." Indeed, "[t]ruth is the cornerstone of the judicial system and a license to practice law requires allegiance and fidelity to truth.... [L]ying to the court and dishonesty ... are the antithesis of these requirements." *Id.* at 84, 619 A.2d at 1057. In *Grigsby,* 493 Pa. at 200, 425 A.2d at 733, we noted that "dishonesty on the part of an attorney establishes his unfitness to continue practicing law." We further stated: "The purpose of the [Rules of Professional Conduct, formerly known as the Code of Professional Responsibility] and the Rules of Disciplinary Enforcement is to protect the public, the profession and the courts. Whenever an attorney is dishonest, that purpose is served by disbarment." *Id.* at 201, 425 A.2d at 733.

Raiford has demonstrated his unfitness to continue practicing law. Accordingly, he is disbarred from the practice of law in the Commonwealth of Pennsylvania retroactive to May 27, 1994. It is further ordered that he shall comply with the

provisions of Pa.R.D.E. 217 and that he shall pay costs, if any, to the board pursuant to Pa.R.D.E. 208(g).