**Office of Disciplinary Counsel v. Eagen**

Disciplinary Board Docket no. 102 D.B. 2003.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GENTILE, *Member,* November 1, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Dis-

ciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

By order of July 29, 2003, the Supreme Court of Pennsylvania placed respondent, Francis Peter Eagen III, on temporary suspension following his conviction of one count of obstructing administration of law or other governmental function, in violation of 18 Pa.C.S. §5101. Office of Disciplinary Counsel filed a petition for discipline against respondent on October 8, 2003. Respondent did not file an answer to petition.

A pre-hearing conference was held on January 22, 2004. Respondent participated by telephone and admitted that the averments in the petition were true. He advised the committee that he would not attend the disciplinary hearing.

A disciplinary hearing was held on February 26, 2004, before Hearing Committee 3.02 comprised of Chair Karen M. Balaban, Esquire, and Members Samuel L. Andes, Esquire, and Thomas C. Clark, Esquire. Respondent did not appear at the hearing.

The Hearing Committee filed a report on July 14, 2004 and recommended that respondent be disbarred.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of September 27, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, under Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of that rule.

(2) Respondent, Francis Peter Eagen III, was born in 1949 and was admitted to the practice of law in the Commonwealth of Pennsylvania in 1976. His attorney registration address is 312 Conroy Ave., Scranton, PA 18505.

(3) Respondent is currently on temporary suspension by order of the Supreme Court dated July 29, 2003.

(4) Respondent has no prior history of discipline.

(5) In January 1988, respondent commenced service as Judge of the Court of Common Pleas for the 45th Judicial District, Lackawanna County, Pennsylvania.

(6) At respondent's request, he was placed on administrative leave on September 22, 1997, by President Judge James J. Walsh.

(7) Respondent continued to serve until January 4, 1998, when his term ended after an unsuccessful bid for re-election.

(8) In January 1999, the Attorney General of Pennsylvania filed a 12-count criminal information against re-

spondent in the Court of Common Pleas of Lackawanna County. The information charged respondent with one count of unsworn falsification to authorities, one count of false report to law enforcement authorities, four counts of bribery in official and political matters, one count of criminal conspiracy, one count of obstructing administration of law or other governmental function, two counts of tampering with public records or information, and one count of restricted activities in his capacity as a governmental official.

(9) All of the crimes with which respondent was charged were based on facts which allegedly occurred during his service as a judge.

(10) On October 12, 1999, respondent proceeded to a jury trial presided over by Senior Judge Barry Feudale.

(11) On October 20, 1999, a jury found respondent guilty of one count of obstructing administration of law or other governmental function, a misdemeanor of the second degree.

(12) The circumstances surrounding the criminal charges against respondent began in 1996, when the Lackawanna District Attorney's office and the Federal Bureau of Investigation launched a joint investigation into irregularities in the appointment and administration of certain guardianship estates under respondent's supervision as a judge of the Orphans' Court of Lackawanna County.

(13) Both federal and state grand juries were convened to probe the diversion of money from these estates by, among others, one Philip Bosha, an insurance agent with no previous estate experience who had been appointed

by respondent as guardian of the estates of several incapacitated persons.

(14) In finding respondent guilty of obstructing the administration of law or other governmental function, the trial jury concluded that respondent: lied to the FBI, and failed to give them requested information; on various occasions instructed co-conspirator Philip Bosha not to cooperate with the investigations, including a suggestion that Bosha commit suicide; and, on various occasions, solicited confidential grand jury information, documents and transcripts from five different prosecutors.

(15) As a result of his conviction, respondent was sentenced to two years of unsupervised probation and a fine of $5,000.

(16) As a result of respondent's conviction, by order dated January 24, 2003, the Court of Judicial Discipline removed respondent from office and held that he shall be ineligible to hold judicial office in the future. The opinion and order in that matter are reported at *In re Francis P. Eagen,* no. 4 JD 01, 814 A.2d 304 (2002).

(17) Respondent received proper notice of the date and time of the disciplinary hearing.

(18) Respondent did not appear at the disciplinary hearing.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct and Rules of Disciplinary Enforcement:

(1) Pa.R.D.E. 203(b)(1)—Respondent's criminal conviction constitutes a per se ground for discipline.

(2) R.P.C. 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

(3) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

## IV. DISCUSSION

This matter is before the board on a petition for discipline charging respondent with violation of the Rules of Professional Conduct and Rules of Disciplinary Enforcement arising out of his conviction of obstructing the administration of law or other governmental function. Respondent's criminal activity occurred during the time that he sat as a judge on the Court of Common Pleas of Lackawanna County. Respondent's specific unlawful behavior included lying to the FBI and failing to hand over requested information, instructing a co-conspirator concerning testimony to be provided or withheld from an investigating grand jury, and soliciting prosecutors for confidential grand jury information to which he was not entitled. In each instance, respondent intended to hinder the inquiry into judicial matters that were under his direct supervision.

As with all disciplinary matters predicated on a criminal conviction, the sole issue to be resolved is the extent of discipline to be imposed on respondent. *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193

(1982). Consideration is to be given to any aggravating and mitigating circumstances. *Office of Disciplinary Counsel v. Valentino,* 556 Pa. 609, 730 A.2d 479 (1999).

Two egregious aggravating factors exist in this matter. As previously stated, respondent was a judge of the court of common pleas at the time of his misconduct. In this capacity, respondent was charged with administering justice, not obstructing it. Respondent clearly violated the trust placed in him by the public. His odious actions have brought embarrassment to the bar and the courts, and have subjected the court system of Lackawanna County to severe public censure.

Compounding respondent's problems is his failure to appear at the disciplinary hearing. From the onset of formal proceedings against respondent, he has shown a marked lack of interest in the status of his law license. He did not file an answer to petition, he participated in the pre-hearing conference by telephone, and he ultimately did not appear at his own disciplinary hearing, choosing to forego his opportunity to put forth any mitigating circumstances.

Respondent engaged in egregious criminal misconduct. This, in consideration of the aggravating factors set forth above and the lack of persuasive mitigating factors, leads the board to the conclusion that disbarment is amply justified. See *Office of Disciplinary Counsel v. Scola,* 734 disciplinary docket no. 3, 52 D.B. 2002 (Pa. Nov. 14, 2003) (attorney disbarred after conviction of one count of tampering with witnesses and theft by deception); *In re Anonymous No. 67 D.B. 82,* 4 D.&C.4th 586 (1989) (attorney disbarred after conviction of tampering with a witness); *Office of Disciplinary Counsel v.*

*Raiford,* 546 Pa. 628, 687 A.2d 1118 (1997) (attorney disbarred for interfering in the truth-determining process of the judicial system after his conviction for unsworn falsification to authorities and tampering with public records). Disbarment is the most severe sanction in our disciplinary system, and not one to be lightly recommended. However, the board is of the opinion that respondent's violation of the public trust demands the most severe sanction available.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, Francis Peter Eagen III, be disbarred from the practice of law.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Nordenberg did not participate in the September 27, 2004 adjudication.

## ORDER

And now, February 1, 2005, upon consideration of the report and recommendations of the Disciplinary Board dated November 1, 2004, it is hereby ordered that Francis Peter Eagen III be and he is disbarred from the bar of this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.