**Office of Disciplinary Counsel v. Bentivegna**

Disciplinary Board Docket no. 88 D.B. 2005.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

O'CONNOR, *Member,* November 21, 2006—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its

findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On June 10, 2005, Office of Disciplinary Counsel filed a petition for discipline against Antoinette M.J. Bentivegna, respondent. The petition charged respondent with professional misconduct arising out of allegations that she submitted false and misleading documents to the Bankruptcy Court and that she perjured herself in testimony before the Bankruptcy Court judge. Respondent did not file an answer to petition.

A disciplinary hearing was held on October 18, 2005, before a District II Hearing Committee comprised of Chair James J. Byrne, Jr., Esquire, and Members Dennis D. Brogan, Esquire, and Mark A. Kearney, Esquire. Respondent did not appear. A continued hearing was held on April 5, 2006 before the Hearing Committee. Respondent did not appear.

The Hearing Committee filed a report on June 28, 2006, finding that respondent engaged in professional misconduct in violation of the Rules of Professional Conduct and recommending that she be disbarred.

This matter was adjudicated by the Disciplinary Board at the meeting on September 20, 2006.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg Pennsylvania

17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of said rules.

(2) Respondent, Antoinette M.J. Bentivegna, was born in 1941 and was admitted to practice law in the Commonwealth in 1991. The last Attorney Annual Fee Form submitted by respondent to the office of the secretary lists her registration address as: 70 West Oakland Avenue, Ste. 206, P.O. Box 942, Doylestown, Bucks County PA 18901 and the same P.O. Box for her residence.

(3) Respondent has a prior history of discipline consisting of a private reprimand administered in 2002 and a two-year suspension imposed by order of the Supreme Court dated July 15, 2004.

(4) By order dated January 28, 1999, the United States Bankruptcy Court for the Eastern District of Pennsylvania, in case no. 98-36332, dismissed the Chapter 13 petition respondent filed on her own behalf, and prohibited her from filing future bankruptcy petitions without prior court approval.

(5) Respondent had previously filed five other bankruptcy petitions in the Eastern District of Pennsylvania on her own behalf, which were all dismissed—the first was filed in 1991 (Chapter 11); the second in 1995 (Chapter 7); the third in 1997 (Chapter 13); and the last two in 1998 (Chapter 13).

(6) In each of these six bankruptcy proceedings, respondent listed her Social Security number as \*\*\*-\*\*-\*\*\*\*.

(7) Respondent listed her Social Security number as \*\*\*-\*\*-\*\*\*\* in her annual attorney registration statements filed with the Office of the Secretary of the Disciplinary Board.

(8) In February of 2000, respondent purchased property located at 513 Portsmouth Court, Doylestown, Pennsylvania.

(9) The property deed recorded February 23, 2000, reflects that Antoinette Janis was the grantee, with a mortgage of $150,000 recorded against the property.

(10) Respondent's maiden name is Janis; her full name is Antoinette Marie Janis Bentivegna.

(11) In November of 2000, respondent applied for financial assistance with the Homeowners Emergency Mortgage Assistance Fund.

(12) Respondent listed her name as "Antoinette Janis" on the application and her Social Security number as \*\*\*-\*\*-\*\*\*\*.

(13) The Social Security Administration (SSA) does not list the Social Security number \*\*\*-\*\*-\*\*\*\* as belonging to "Antoinette Janis".

(14) On the financial assistance applications respondent listed her employer as Bentivegna Law Firm, 70 W. Oakland Ave., Doylestown, Pennsylvania, and also indicated that she was a self-employed attorney.

(15) In April of 2001, the application was approved and respondent obtained financial assistance from the Homeowners Emergency Mortgage Assistance Fund.

(16) Check no. *******, dated April 16, 2001, was issued from the Homeowners Emergency Mortgage Assistance Fund directly to Clemons & Klimpl, a law firm in Doylestown, to pay fees owed to Westwyck Condominium Association on the condominium located at 513 Portsmouth Court, Doylestown.

(17) The 513 Portsmouth condominium was occupied by respondent in 2001.

(18) In July of 2002, Westwyck filed a civil complaint against Antoinette Janis for non-payment of condominium assessments.

(19) On July 12, 2002, respondent filed a Chapter 13 petition on behalf of a "Tony Janis" with the United States Bankruptcy Court for the Eastern District of Pennsylvania, which was assigned case number 02-19986.

(20) The July 2002 petition reflects two Social Security numbers for Tony Janis—the first social security number, ***-**-****, was typewritten, then crossed out by hand, and Social Security number ***-**-****, was handwritten on the application.

(21) The SSA verified that the number ***-**-**** does not belong to "Tony Janis".

(22) The July 2002 petition listed Tony Janis' address as 513 Portsmouth Court, Doylestown PA 18901.

(23) The July 2002 petition was dismissed on August 19, 2002 for failure to file all appropriate schedules and disclosures.

(24) On August 26, 2002 respondent filed another Chapter 13 petition on behalf of Tony Janis with the United States Bankruptcy Court for the Eastern District

of Pennsylvania, which was assigned case number 02-31948.

(25) The August 2002 petition listed an invalid Social Security number of ***-**-**** for Tony Janis.

(26) The August 2002 petition listed Tony Janis' address as 513 Portsmouth Court, Doylestown, Pennsylvania.

(27) On August 27, 2002, using letterhead that reflected her name as "Antoinette M. Bentivegna", rather than "Antoinette M.J. Bentivegna", respondent wrote to Stefan Richter, Esquire, attorney for Westwyck Condominium Association, purportedly on behalf of "Tony Janis", and, among other things, stated that:

"(a) Ms. Janis had filed for bankruptcy on August 26, 2002;

"(b) Ms. Janis was entitled to the protection provided through the automatic stay provision set forth under section 263 of the Bankruptcy Code;

"(c) the automatic stay 'is unconditional and non-negotiable once the bankruptcy is filed';

"(d) neither she nor her client 'were permitted' to attend the hearing scheduled for August 28; and

"(e) if Westwyck Condominium Association should proceed, her 'client' might seek sanctions including all fees and costs regarding the action."

(28) In all other letters, including those sent to the Bankruptcy Court, respondent's letterhead reflected her name as "Antoinette M.J. Bentivegna".

(29) On August 28, 2002, Westwyck obtained a judgment against Tony Janis.

(30) When Westwyck attempted to serve process on Tony Janis at the 513 Portsmouth Court address, they discovered that the premises were occupied by respondent.

(31) On November 14, 2002, respondent filed a motion styled "motion of debtor Tony Janis to be excused from attending section 341 meeting of creditors and for leave to file interrogatories."

(32) In the motion, respondent alleged that the debtor, Tony Janis, was unable to appear at the meeting of creditors because she was attending a doctoral program in Wisconsin and teaching classes for the school year.

(33) By letter dated November 15, 2002, the office of the Chapter 13 standing trustee wrote to respondent and explained that her motion would be denied as there was no notice to creditors and other parties of "intent [sic]", and that the case would be scheduled for dismissal.

(34) By objection dated November 15, 2002, the trustee objected to debtor's application to conduct the 341 creditors' meeting by interrogatories because the debtor had failed to provide supporting affidavits demonstrating her inability to attend the scheduled meeting and failed to attach copies of a valid photo ID and Social Security card for verification of her Social Security number.

(35) On January 13, 2003, the Bankruptcy Court issued an order dismissing the case because the debtor had failed to appear at the 341 meeting and payments to the trustee were not being made.

(36) On April 18, 2003, respondent filed a Chapter 13 petition on behalf of Tony Janis in the United States

Bankruptcy Court for the Middle District of Pennsylvania, which was assigned case number 5:03-bk-51873.

(37) The April 2003 petition listed an invalid Social Security number of \*\*\*-\*\*-\*\*\*\* for Tony Janis.

(38) The mailing address for Tony Janis listed in the April 2003 petition was P.O. Box 942, Doylestown PA 18901—a mailing address used by respondent.

(39) The April 2003 petition was dismissed by order dated May 30, 2003.

(40) On July 23, 2003, respondent filed a Chapter 13 petition on behalf of Tony Janis in the United States Bankruptcy Court for the Middle District of Pennsylvania, which was assigned case number 5:03-bk-53527.

(41) The July 2003 petition listed an invalid Social Security number of \*\*\*-\*\*-\*\*\*\* for Tony Janis.

(42) The mailing address for Tony Janis listed on the July 2003 petition was P.O. Box 942, Doylestown PA 18901—a mailing address used by respondent.

(43) On November 25, 2003, respondent appeared at a hearing before the Honorable John J. Thomas, chief judge of the United States Bankruptcy Court for the Middle District of Pennsylvania, with regard to the July 2003 petition.

(44) At the November 25, 2003 hearing, the United States Trustee advised the court of his belief that respondent and Tony Janis were the same person.

(45) Chief Bankruptcy Judge John J. Thomas then placed respondent under oath, where she testified:

"(a) Tony Janis was her cousin;

"(b) Tony Janis was about 13 to 18 months younger than respondent;

"(c) 'every single piece of paper that I've ever signed from 1961 until now has always been my formal name, which is Antoinette M.J. Bentivegna';

"(d) Tony Janis was hospitalized at a treatment center in Allentown for a bipolar condition, a suicide attempt, and a drug dependency; and

"(e) Respondent had filed only once for bankruptcy in 1988."

(46) The testimony of respondent was false.

(47) Respondent refused to provide the court with her Social Security number, claiming that she could not remember it.

(48) The Bankruptcy Court scheduled a hearing, set for January 22, 2004, for the purpose of giving respondent an opportunity to furnish proof that she and "Tony Janis" were not the same person.

(49) Respondent failed to attend the January 22, 2004 hearing.

(50) Respondent failed to attend the pre-hearing conference on September 13, 2005 and she failed to attend the disciplinary hearings on October 18, 2005 and April 5, 2006.

(51) Respondent received notice of the hearings by way of first-class mail to her last address of record with the Administrative Office. This is sufficient under Pa.R.D.E. 212. The first-class mail was not returned as undeliverable.

### III. CONCLUSIONS OF LAW

By her conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) R.P.C. 3.3(a)(1)—A lawyer shall not knowingly make a false statement of material fact or law to a tribunal.

(2) R.P.C. 3.3(a)(4)—A lawyer shall not knowingly offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

(3) R.P.C. 4.1(a)—In the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person.

(4) R.P.C. 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act which reflects adversely on a lawyer's honesty, trustworthiness, or fitness as lawyer in other respects.

(5) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(6) R.P.C. 8.4(d)—It is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice.

## IV. DISCUSSION

This matter is before the Disciplinary Board for consideration of a petition for discipline charging respondent with submitting false and misleading documents to a Federal Bankruptcy Court and presenting perjured testimony to that court. Petitioner bears the burden of proving respondent's misconduct by clear and satisfactory evidence. *Office of Disciplinary Counsel v. Surrick,* 561 Pa. 167, 749 A.2d 441 (2000). The record demonstrated that petitioner met its burden of proof.

In 1999 the United States Bankruptcy Court for the Eastern District of Pennsylvania prohibited respondent from filing future bankruptcy petitions without prior court approval. Respondent circumvented this order by filing bankruptcy petitions on behalf of "Tony Janis" in the Eastern District of Pennsylvania in July and August of 2002. "Janis" is respondent's maiden name and "Tony" is a shortened version of her first name. The petitions also contained a false Social Security number. Both petitions were ultimately dismissed. Thereafter, respondent filed bankruptcy petitions on behalf of "Tony Janis" in the United States Bankruptcy Court for the Middle District of Pennsylvania in April and July of 2003. These filings also reflect the use of false Social Security numbers, as well as respondent's attempt to use the name "Tony Janis" to mislead the court.

Respondent was placed under oath by Chief Judge John J. Thomas of the Middle District after the trustee advised Judge Thomas of a belief that respondent and "Tony Janis" were the same person. Respondent offered false and evasive testimony to the extent that Tony Janis was her cousin, and that respondent only filed for bankruptcy once since 1988. Judge Thomas gave respondent an opportunity, at a subsequent hearing, to provide documentation confirming her testimony, but respondent did not avail herself of this opportunity and failed to appear at the hearing. Respondent also failed to appear at her disciplinary hearings. The evidence, as set forth in the detailed findings of fact, is clear and satisfactory that respondent engaged in fraudulent and dishonest conduct in an effort to mislead her creditors and the court, and perjured herself before the Bankruptcy Court.

The position of the Supreme Court of Pennsylvania in cases where an attorney engages in acts of dishonesty which perpetrate a fraud on the court system has been made clear. The appropriate sanction is disbarment. *Office of Disciplinary Counsel v. Raiford,* 546 Pa. 628, 687 A.2d 118 (1997) (attorney who engineered a fraudulent scheme involving impersonation and false testimony in a criminal case was disbarred); *Office of Disciplinary Counsel v. Holston,* 533 Pa. 78, 619 A.2d 1054 (1993) (attorney who forged a court order and certificate and who subsequently lied to the judge about the origins of the documents was disbarred); *Office of Disciplinary Counsel v. Grigsby,* 493 Pa. 194, 425 A.2d 730 (1981) (attorney who filed a false pleading was disbarred).

The board takes note of the recent matter of *Office of Disciplinary Counsel v. DiAngelus,* no. 1020 Disciplinary Docket no. 3 (Pa. Sept. 27, 2006), wherein during the course of the respondent's representation of a defendant in a criminal matter, the respondent made a misrepresentation to the assistant district attorney about the existence of a plea agreement with the arresting officer. The Supreme Court viewed the dishonesty of the respondent as deceit to the court, but declined to impose disbarment on the respondent. The court recognized that the respondent's misrepresentation to the assistant district attorney was a serious offense, yet determined that it fell short of the egregiousness of other acts of deceit to the court, such as forging court orders and lying to the court. The court found that Mr. DiAngelus presented credible testimony by eight character witnesses regarding his reputation for truthfulness, honesty and law abidingness. The court noted Mr. DiAngelus' involvement with vari-

ous local bar associations and activities. The court acknowledged the respondent's prior disbarment, but viewed it as far-removed in time and circumstances, having occurred more than 20 years ago while respondent was addicted to cocaine. Based upon the totality of the circumstances, the court recommended a five-year suspension. The instant case is far more egregious than the cited matter, as respondent Bentivegna lied under oath while being questioned by a judge and actively perpetrated fraud and deceit on the court.

Further aggravating respondent's egregious misconduct is her prior record of discipline. Respondent received a private reprimand in 2002 and was placed on suspension for two years by order of the Supreme Court on July 15, 2004. The suspension was based on respondent's filing of bankruptcy petitions and pleadings without authorization from her clients in four separate matters, failing to make required payments of installment fees, misrepresentations to opposing counsel and failing to communicate her actions to clients.

Respondent did not appear at the disciplinary hearings and therefore offered no evidence or testimony providing any explanation or mitigation for her misconduct which could justify a lesser sanction than disbarment.

For the reasons as set forth above, the Disciplinary Board recommends that respondent be disbarred.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, Antoinette M.J. Bentivegna, be disbarred from the practice of law.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Baer did not participate in the adjudication.

## ORDER

And now, January 26, 2007, upon consideration of the report and recommendations of the Disciplinary Board dated November 21, 2006, it is hereby ordered that Antoinette M.J. Bentivegna is disbarred from the bar of this Commonwealth, and she shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.